HAZOURI, J.
Appellants, Judith Allen d/b/a Underwater Maintenance Services, and Earl Year-icks, appeal from a Final Order entered by appellee, Florida Department of Financial Services, Division of Workers’ Compensation (the “Department”). We reverse.
*855 In 2003, the Department issued an Amended Stop Work Order and Penalty-Assessment Order against appellants. It ordered appellants to stop work until they complied with workers’ compensation laws and paid the penalty of $150,968 they had been assessed. Appellant requested an administrative hearing on the order asserting that appellants’ work fell within the jurisdiction of the Longshoremen and Harbor Workers’ Compensation Act, 33 U.S.C. sections 901 et seq. (the “Act”) and that Chapter 440 of the Florida Statutes which requires workers’ compensation coverage by employers was preempted by the Act.
At the hearing, the testimony revealed that appellants’ business hired divers to work in the water performing commercial diving services and from barges or dive floats demolishing and/or building bridges. After the hearing, the administrative law judge found that:
2. At all times material to this case, [appellants] owned and operated a business which provides marine-based services, including general diving and bridge demolition services.
3. On or about February 28, 2003, [appellants], in the course and scope of operating their marine service business, employed welders to perform welding and related services on a public construction project, specifically, the Jensen Beach Causeway Bridge in Jensen Beach, Florida.
The Department’s Final Order concluded that appellants did not have workers’ compensation coverage, which appellants admitted, and that their jurisdictional claim was without merit. Appellants were ordered to comply with the Amended Stop Work and Penalty Order.
Section 440.09, Florida Statutes (2001), provides:
(1) The employer shall pay compensation or furnish benefits required by this chapter if the employee suffers an accidental injury or death arising out of work performed in the course and scope of employment ...
(2) Benefits are not payable in respect of the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, the Defense Base Act, or the Jones Act.
Section 440.107(5) provides:
(5) Whenever the department determines that an employer who is required to secure the' payment to his or her employees of the compensation provided for by this chapter has failed to do so, such failure shall be deemed an immediate serious danger to public health, safety, or welfare sufficient to justify service by the department of a stop-work order on the employer, requiring the cessation of all business operations at the place of employment or job site....
In FCCI Fund (FEISCO) v. Cayce’s Excavation, Inc., 726 So.2d 778 (Fla. 1st DCA 1998) (citing Babin v. North Florida Shipyards, Inc., 705 So.2d 66 (Fla. 1st DCA 1997), modified on other grounds, 709 So.2d 657 (Fla. 1st DCA 1998)), the court held that “[a]s a matter of state law, coverage under the LHWCA precludes coverage under Florida’s Workers’ Compensation Law.” FCCI, 726 So.2d at 780. It concludes: “Florida law makes coverage under the federal act the question on which the jurisdiction of the judge of compensation claims depends in the present case.” Id. Thus, it must now be determined whether appellants’ employees qualify under the Act.
In P.C. Pfeiffer Co. v. Ford, 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979), the Supreme Court set forth the requirements for qualifying under the Act. It held:
*856 The Act now extends coverage to more workers by replacing the single-situs requirement with a two-part situs and status standard. The newly broadened si-tus test provides compensation for an “employee” whose disability or death “results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel).” § 3(a), 33 U.S.C. § 903(a). The status test defines an employee as “any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and ship breaker.... ” § 2(3), 33 U.S.C. § 902(3). To be eligible for compensation, a person must be an employee as defined by § 2(3) who sustains injury on the situs defined by § 3(a).
444 U.S. at 73-74, 100 S.Ct. 328.
Appellants’ employees are divers who work in or upon navigable waters thus qualifying them under the situs test. In Director, Office of Workers’ Compensation Programs v. Perini North River Associates, 459 U.S. 297, 103 S.Ct. 634, 74 L.Ed.2d 465 (1983), the Supreme Court considered the status test. In Perini, a claimant was denied benefits under the Act after he was injured while on a barge in the course of construction of a sewage disposal plant. Although the construction of a sewage disposal plant may not be considered “maritime employment,” the Supreme Court held:
We hold only that when a worker is injured on the actual navigable waters in the course of his employment on those waters, he satisfies the status requirement in § 2(3), and is covered under the LHWCA, providing, of course, that he is the employee of a statutory “employer,” [1] and is not excluded by any other provision of the Act. We consider these employees to be “engaged in maritime employment” not simply because they are injured in a historically maritime locale, but because they are required to perform their employment duties upon navigable waters.
Id. at 324, 103 S.Ct. 634 (footnotes omitted). In the same manner, appellants’ employees as divers performed their jobs in the water and on barges and trestles which were on navigable waters. Therefore, they were engaged in maritime employment.
We conclude that appellants’ employees are covered by the Act and therefore appellants are not required to provide workers’ compensation coverage under Chapter 440. The Department’s stop-work order and penalty assessment are hereby reversed.
REVERSED.
GROSS and TAYLOR, JJ., concur.

. 33 U.S.C. section 902(4), defines employer to mean:
an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used in loading, unloading, repairing, or building a vessel).